IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>HENRY KAPONONUIAHOPILI LII,<br><br>　　　　　　Defendant. | Cr. No. 06-00143 JMS (01)<br><br>ORDER: (1) GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, ECF NO. 144; AND (2) GRANTING EXTENSION OF TIME TO FILE APPEAL |

### ORDER: (1) GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, ECF NO. 144; AND (2) GRANTING EXTENSION OF TIME TO FILE APPEAL

### I. INTRODUCTION

Before the court is Defendant Henry Kapononuiahopili Lii's Motion for Reconsideration of this court's April 19, 2016 "Order Regarding Limited Remand to Determine Whether Defendant Has Shown Excusable Neglect or Good Cause to Extend Time to File Appeal," ECF No. 140 (the "April 19 Order"). ECF No. 144. For the reasons set forth below: (1) the Motion is GRANTED; (2) Defendant is GRANTED an extension of time to file a notice of appeal, *nunc pro tunc*; and (3) Defendant's February 24, 2016 notice of appeal is deemed timely based on a finding of excusable neglect.

## II. BACKGROUND

On December 4, 2015, this court denied Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on Retroactive Amendment 782 to U.S.S.G., ECF No. 124. ECF No. 129. Defendant sought reconsideration twice, ECF Nos. 130, 132, and this court denied both motions, ECF Nos. 131, 133. On February 24, 2016, Defendant filed a notice of appeal from this court's January 26, 2016 Order Denying Defendant's Second Motion for Reconsideration, ECF No. 133 (the "January 26 Order"). ECF No. 134. Defendant's notice of appeal was untimely pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(b)(1)(A). However, the Ninth Circuit remanded Defendant's appeal to this court for the limited purpose of providing him "notice and an opportunity" to seek an extension of time to file his appeal pursuant to FRAP 4(b)(4), and to determine whether there is good cause or excusable neglect justifying such an extension. ECF No. 138.

On March 3, 2016, this court issued an order notifying Defendant that he may file such a motion by March 28, 2016, and that an extension of the appeal period would not be granted absent a showing of good cause or excusable neglect for missing the FRAP 4(b)(1)(A) 14-day appeal deadline. ECF No. 139. Having received neither a motion for extension of time nor correspondence from Defendant, this court found that Defendant "failed to establish excusable neglect

2

or good cause to support an extension of time to file an appeal." ECF No. 140, April 19 Order at 2.

On April 27, 2016, the Ninth Circuit ordered Defendant to show cause why his appeal should not be dismissed as untimely. *See United States v. Lii*, No. 16-10088 (9th Cir. Apr. 27, 2016), ECF No. 5. On May 9, 2016, Defendant filed a response claiming that on March 18, 2016, he mailed a motion for extension of time (the "March 18 Motion") explaining why the appeal was untimely, along with a proof of service, by giving it to a prison mail officer. *Lii*, No. 16-10088, ECF No. 6, Def.'s Resp. Defendant further asserted that his March 18 Motion explained that "the Prison officer mail room placed my Mail in wrong MAIL SLOT? WAS GIVEN THE LEGAL MAIL LATE." *Id.* at 2.

On May 23, 2016, the Government filed a Response indicating that it had no record of receiving the March 18 Motion from Defendant and that Defendant had failed to provide proof that he received late notice of the court's January 26, 2016 Order. *Lii*, No. 16-10088, ECF No. 9, Govt's Resp. at 3-4. On June 7, 2016, Defendant filed a reply, and attached a letter signed by a prison systems supervisor indicating that "Mr. Lii received a letter from [the district court] . . . around February 20, 2016. The letter was miss coded (sic) by the mail room staff and sent to the wrong unit, once the mistake was notice (sic) there was a four day delay to Mr. Lii receiving your letter." *Lii*, No. 16-10088, ECF No. 10,

Def.'s Reply at 4.  Addressing the Government's assertion that Defendant failed to provide proof, Defendant claimed that he "CANNOT MAKE COPY BECAUSE THE PHOTO COPY MACHINE HAS BEEN BROKEN FOR (4) FOUR MONTHS NOW."  *Id.* at 3.

On November 15, 2016, the Ninth Circuit dismissed Defendant's appeal without prejudice.  ECF No. 143, Order.  The Ninth Circuit noted that contrary to Defendant's statement that he attached a copy of the March 18 Motion, no such document was included in his submissions, and therefore, "[w]ithout evidence that appellant did indeed file a motion for an extension of the appeal period," his response to the order to show cause was "insufficient to overturn the district court's determination that appellant failed to establish excusable neglect or good cause to support an extension of time to file the notice of appeal."  *Id.* at 2-3.  The Ninth Circuit's dismissal was "without prejudice to appellant seeking reconsideration at the district court."  *Id.* at 3.

On December 2, 2016, Defendant filed the instant Motion for Reconsideration of the April 19 Order by submitting it to the prison for mailing, to which he attached a copy of the March 18 Motion.  ECF No. 144.  On January 9, 2017, the Government filed a Response indicating that it does not oppose reconsideration.  ECF No. 147.  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

### III.  **STANDARD OF REVIEW**

Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration may be filed in criminal cases.  *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); *United States v. Hee*, 2015 WL 6510345, at *11 (D. Haw. Oct. 27, 2015) (citing cases).  Such motions are evaluated under the rules applicable to motions for reconsideration in civil actions.  *See United States v. Larkin*, 2016 WL 155010, at *1 (D. Nev. Jan. 13, 2016) (evaluating motion for reconsideration in criminal case under Federal Rule of Civil Procedure 59(e)); *see also Hee*, 2015 WL 6510345, at *11.

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual, circumstances warranting reconsideration."  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see also* Local Rule 60.1.

### IV.  **DISCUSSION**

Defendant's submission of a copy of the March 18 Motion and his representation that he sent the March 18 Motion for filing prior to the March 28, 2016 deadline set by this court constitute "newly discovered evidence" supporting

5

reconsideration of the April 19 Order. *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 126. And upon reconsideration, the court must determine if Defendant has shown excusable neglect or good cause pursuant to FRAP 4(b)(4) justifying an extension of time to file his notice of appeal. Rule 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may -- before or after time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). The court evaluates "excusable neglect" by considering four factors:

> (1) the danger of prejudice to the non-moving party;
> (2) the length of delay and its potential impact on judicial proceedings;
> (3) the reason for the delay, including whether it was within reasonable control of the movant; and
> (4) whether the moving party's conduct was in good faith.

*Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In analyzing these factors, the court should consider the unique situation of pro se prisoners. *Houston v. Lack*, 487 U.S. 266, 270 (1988) (explaining that "[s]uch prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal").

Here, the court finds that Defendant's delay in filing his notice of appeal amounts to excusable neglect. In the March 18 Motion, Defendant explained that due to prison error, he did not receive his legal mail timely, but that he filed his appeal immediately after receiving his legal mail. *See* ECF No. 144-1 at 2. Supporting his assertion is a letter from a prison systems supervisor, dated June 7, 2016, confirming that the prison received mail from this court on or around February 20, 2016, but that due to a prison mail room error, Defendant did not receive this mail until four days later. *Lii*, No. 16-10088, ECF No. 10, Appellant's Reply at 4. Based on this letter, it appears that Defendant could not have received the January 26 Order in time to file a timely notice of appeal. It also appears that by filing his notice of appeal on February 24, 2016, Defendant did all that he could do to perfect his appeal. Further, the Government would not be prejudiced by and, indeed, does not oppose an extension of time.

## V. **CONCLUSION**

Based on the foregoing, the court GRANTS Defendant's Motion for Reconsideration, GRANTS Defendant an extension of time for filing a notice of appeal, *nunc pro tunc*, and DEEMS Defendant's February 24, 2016 notice of

///

///

///

appeal, ECF No. 134, timely based on a finding of excusable neglect. The Clerk of Court is directed to provide a copy of this Order to the Ninth Circuit Court of Appeals (Appeal No. 16-10088).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 18, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Lii*, Cr. No. 06-00143 JMS (01), Order: (1) Granting Defendant's Motion for Reconsideration, ECF No. 144; and (2) Granting Extension of Time to File Appeal